**In re Gary Lee BELCHER, Debtor.**

**Bankruptcy No. 85–02450–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

July 16, 1986.

---

Robert E. Venney, Shutts & Bowen, Miami, Fla. for debtor.

## ORDER DENYING CONFIRMATION AND CONVERTING CASE TO CHAPTER 7

THOMAS C. BRITTON, Chief Judge.

A confirmation hearing was held June 23 on this debtor's Restated Amended Plan of Reorganization (C.P. No. 64). The plan was rejected by a creditor who holds a judgment in the amount of $3.5 million. The debtor acknowledges that the plan cannot be confirmed without the support of these creditors. (C.P. No. 70). At the confirmation hearing, the debtor sought and obtained a delay of three weeks to consider a modification of the plan, which the debtor undertook to file not later than July 7.

Instead of filing a modified plan, the debtor has filed a motion (C.P. No. 76) in which it requests six more months within which to propose a modified plan. It hopes within that time to obtain a reversal of the $3.5 million judgment it has suffered. Alternatively, it hopes that it will recover this sum from an insurer which has already denied coverage for this claim. The debtor's motion for delay is supported by the creditor with the large judgment. It is also supported by another creditor and no party has appeared to oppose delay.

The support of the major creditor (representing about 85% of the liabilities of this estate) for delay is not, of course, based upon the prospect of a reversal of its judgment. The most that the debtor could achieve in that appeal is another trial of the issues. It claims it did not receive appropriate notice of the trial. It is unlikely that either party would accept the intermediate court's determination as final in any event.

The major creditor's support is partially based on a hope that the insurer will pay its judgment, but the creditor's primary reliance is on the possible avoidance of certain transfers and recovery of the funds for the estate. These actions may only be maintained by a trustee, therefore, the major creditor has moved (C.P. No. 79) for the appointment of a trustee.

The debtor's Restated Amended Plan of Reorganization (C.P. No. 64) is the only plan before the court and it is unrealistic to anticipate any confirmable plan from this debtor earlier than a year from now. The contingencies upon which the debtor pins his hopes all depend on lawsuits, none of which will be resolved without at least one appeal, and I believe it unlikely that any of these disputes will be resolved earlier than 18 months from now. Confirmation is, therefore, denied. The confirmation hearing will not be continued. This chapter 11 case is converted to a chapter 7 liquidation and a panel trustee, Roth Trustee Corporation, is appointed interim trustee for the purpose of proceeding with liquidation of this estate.

If and when this debtor (or any other party, including the trustee) is in a position to present a viable plan of reorganization, this case may be reconverted to chapter 11 under 11 U.S.C. § 706(a) or (b). I do not intend to foreclose or preclude this debtor's presentation of a plan if and when he is in a position to present a plan. I do intend that the disposition of this debtor's assets be conducted by a disinterested and, I believe, more dependable party, and that im-

mediate consideration be given to the avoidance and recovery of any fraudulent or preferential transfers and the recovery of any other property which belongs in this estate but which the debtor is unwilling to pursue because of a conflicting interest. Finally, I intend that this court and the creditors have the benefit of recommendations from a disinterested party with respect to any further proposed plan of reorganization.

I respect the judgment of the great majority of creditors that a successful reorganization would clearly be the desired resolution of this debtor's economic problems. While waiting for that possibility, I see no reason why the next year or year-and-a-half should not be used to advantage.